SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYDIA PACHECO, | No. C07-3988 EDL |
|     Plaintiff, | DEFENDANT'S MOTION TO DISMISS |
| v. | Date: January 30, 2008 |
| UNITED STATES POSTAL SERVICE, | Time: 2:00 p.m. |
|     Defendants. | Courtroom: E, 15th Floor |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on Wednesday, January 30, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Hon. Elizabeth D. Laporte, the United States Postal Service, pursuant to Federal Rules of Civil Procedure 12(b)(1), will move the Court to dismiss this action with prejudice for lack of subject matter jurisdiction, in the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California. The motion is based on this notice, the ensuing points and authorities, declaration of Gwendolyn E. Murray, and the pleadings on file with the Court. Plaintiff's opposition to the motion will be due on January 9, 2008, 21 days prior to the hearing date. Defendant's reply will be due on January 16, 2008, 14 days prior to the hearing date.

///

///

## I. RELIEF SOUGHT

The United States Postal Service ("USPS") moves for an order dismissing this action with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A claim for lost mail is specifically excluded by the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §2680(b). In addition, Plaintiff failed to exhaust her administrative remedies in tort, see 28 U.S.C. §2675(a), and failed to exhaust her administrative remedies in indemnity per postal regulations.

## II. ISSUES PRESENTED

1. Whether this Court lacks subject matter jurisdiction because Plaintiff's claim arises out of a cause of action for which the United States has not waived sovereign immunity, 28 U.S.C. § 2680.

2. Whether this Court lacks subject matter jurisdiction because Plaintiff has failed to allege compliance with the administrative claim requirement of the Federal Tort Claim Act, 28 U.S.C. § 2675(a).

3. Whether this Court lacks subject matter jurisdiction because Plaintiff failed to name the proper defendant in an action under the Federal Torts Claim Act, 28 U.S.C. §§1346(b), 2679(a).

## III. STATEMENT OF FACTS

On or about July 16, 2007, the USPS received Plaintiff Lydia Pacheco's small claims complaint, HS07332366, naming the USPS as Defendant. See Exh. A. In Block 3 of her form complaint, Plaintiff alleges that the Defendant owes her $7,500 because "Lost mail for 8 months made us default on taxes in Marion, FL resulting in out of pocket expence. [sic]." Id. The U.S. Attorney's Office removed the complaint on August 2, 2007. To date, the USPS has received no claim forms or writings containing a sum certain demand from Plaintiff. See Exh. B, Declaration of Gwendolyn E. Murray.

## IV. ANALYSIS

A. LEGAL STANDARDS UNDER RULES 12(B)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied,

541 U.S. 1009 (2004).  A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.  Id. at 1039 n.2.  The United States Supreme Court recently declared that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1969 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).

### B. PLAINTIFF HAS NOT COMPLIED WITH THE REQUIREMENTS OF THE FTCA

The United States, as sovereign, can be sued only to the extent that it has consented to be sued.  United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit.  United States v. Testan, 424 U.S. 392, 399 (1976).  The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment.  Smith v. United States, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. §1346(b)).

The United States is the only proper party defendant in an FTCA action.  28 U.S.C. § 2679(a); Kennedy v. United States Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curium). In addition, before filing suit under the FTCA, the plaintiff must first make an administrative claim to the appropriate federal agency within two years of the incident. 28 U.S.C. § 2401 (b).  The federal agency must either finally deny the claim or fail to reach a final decision within six months of the filing date.  See 28 U.S.C. § 2675.   Here, Plaintiff's claim has two fatal flaws.  First, Plaintiff has named the USPS, not the United States.  Amending the complaint would be futile, however, because Plaintiff has failed to submit a claim form or other writing for a sum certain amount, as required by the FTCA.  See Exh. B.  Accordingly, she has failed to exhaust her administrative remedies, and her Complaint should be dismissed.  Vacek v. USPS, 447 F.3d 1248, 1250 (9th Cir. 2006).

### C. PLAINTIFF'S CLAIM IS BARRED UNDER THE "LOST MAIL" EXCEPTION

Even if Plaintiff had named the proper party and presented an administrative claim, her claim would be barred.  Section 2680, Title 28, United States Code, bars tort claims arising from the

DEFENDANT'S MOTION TO DISMISS
C 07-3988 EDL                                                   3

1  process of mail delivery.  Specifically, § 2680(b) bars:  "any claim arising out of the loss,
2  miscarriage, or negligent transmission of letters or postal matter."  Plaintiff's claim clearly arises
3  out of the alleged "loss, miscarriage, or negligent transmission" of mail allegedly addressed to its
4  post office box.  See Exh. A.

5        This postal exception is broadly stated, encompassing "any claim" arising out of the delivery
6  of mail.  It was intended, as noted by the Supreme Court, to distinguish the process of mail delivery,
7  for which tort claims are not allowed, from garden variety torts relating to the operation of postal
8  vehicles, for which tort claims are allowed.  See Kosak v. United States, 465 U.S. 848, 855 (1984)
9  (citing General Tort Bill:  Hearing before a Subcommittee of the House Committee on Claims, 72nd
10 Cong., 1st Sess., 17 (1932)  (testimony of Assistant Attorney General Rugg)).

11       As the Supreme Court noted recently in Dolan v. USPS, 126 S. Ct. 1252 (2006), the
12 exception set forth in § 2680(b) clearly applies to "failings in the postal obligation to deliver mail
13 in a timely manner to the right address[.]" Id. at 1257.  The exception thus bars claims "for injuries
14 arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged
15 condition, or at the wrong address."  Id. at 1258; see also Rider v. United States Postal Service, 862
16 F.2d 239, 242 (9th Cir. 1988) (rejecting claim based on failure to deliver mail in the time promised
17 by postal employee); Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985)
18 (rejecting claim based on stolen mail); Abdul-Aleem v. USPS, No. C 03-4006 JL, 2004 WL 422621,
19 at *2 (N.D. Cal. Mar. 1, 2004) (noting there is no cause of action for lost mail); Frank v. USPS, No.
20 C 97-3335 VRW, 1997 WL 797926, at *2 (N.D. Cal. Dec. 15, 1997) (dismissing lost mail claim).

21       In the case at bar, Plaintiff alleges monetary losses arising from "lost mail for 8 months."
22 See Exh. A.  The allegations in Plaintiff's complaint clearly fall within the ambit of the "lost mail"
23 exception.  Accordingly, Plaintiff's claim should be dismissed with prejudice.  Abdul-Aleem, 2004
24 WL 422621, at * 2; Frank, 1997 WL 797926, at *2.

25 ///
26 ///
27 ///
28 ///

DEFENDANT'S MOTION TO DISMISS
C 07-3988 EDL                            4

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claim against the United States should be dismissed with prejudice for lack of subject matter jurisdiction.

Dated: December 13, 2007                     Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/S/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney
Attorneys for Defendant