IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA PACHECO, | No. C-07-03988 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| US POSTAL SERVICE, | |
| Defendant. | |

On June 22, 2007, Plaintiff Lydia Pacheco filed a case in small claims court against the United States Postal Service. Defendant removed the case to this Court on August 2, 2007. According to the small claims action, Plaintiff alleges that Defendant owes her $7,500 for: "Lost mail for 8 months made us default on taxes in Marion, FL resulting in out of pocket expence [sic]." See Notice of Removal, Ex. A at 2. On December 13, 2007, Defendant filed this motion to dismiss, arguing that: (1) Defendant is entitled to immunity for claims of lost mail; (2) Plaintiff has failed to allege compliance with the administrative claim requirement; and (3) Plaintiff failed to name proper Defendant. Plaintiff did not file an opposition to the motion. Because this matter is appropriate for decision without oral argument, the Court vacated the January 30, 2008 hearing.

Defendant filed this motion pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction under the Federal Tort Claims Act. The plaintiff bears the burden of establishing subject matter jurisdiction, and a court must presume lack of jurisdiction until the plaintiff establishes otherwise. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Where, as here, a defendant challenges the sufficiency of the jurisdictional allegations in the Complaint, the same standards apply to a Rule 12(b)(1) motion as apply to a motion under Rule 12(b)(6). For purposes of evaluating a motion to dismiss under Rule

1  12(b)(6), the complaint is construed in the light most favorable to plaintiff and its allegations are
2  taken as true.  See Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990).  A complaint should
3  not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in
4  support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46
5  (1957); see also Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

6       The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for actions arising out
7  of the alleged negligent act or omission of any employee of any federal agency, including the Postal
8  Service.  See 28 U.S.C. § 1346(b); Sportique Fashions, Inc. v. Sullivan, 597 F.2d 664, 665, n. 2 (9th
9  Cir. 1979).  While the FTCA waives sovereign immunity in some cases, the Act specifically states
10 that it "shall not apply to any claim arising out of the loss, miscarriage or negligent transmission of
11 postal matter."  See 28 U.S.C. § 2680(b); Dolan v. US Postal Service, 546 U.S. 481, 489 (2006)
12 ("We think it more likely that Congress intended to retain immunity, as a general rule, only for
13 injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in
14 damaged condition, or at the wrong address."); Anderson v. United States Postal Service, 761 F.2d
15 527, 528 (9th Cir. 1985) ("However, by 28 U.S.C. § 2680(b) the United States retains sovereign
16 immunity for tort claims against it for 'loss, miscarriage, or negligent transmission' of the mails.").

17      Plaintiff's action seeks damages allegedly caused by lost mail.  That claim is squarely within
18 the immunity of § 2680(b).  Accordingly, this Court is without jurisdiction in this matter and
19 Defendant's motion to dismiss is granted with prejudice.  Because this matter is dismissed based on
20 § 2860(b), the Court need not reach the remaining issues raised by Defendant in its motion.

21 **IT IS SO ORDERED.**

22 Dated:  January 29, 2008

                                               ELIZABETH D. LAPORTE
23                                                United States Magistrate Judge